GRAY vs. BALDWIN.

APPEAL from the court of the first district.

An assignment     PORTER, J., delivered the opinion of the
*sous seing privé*
does not autho-   court.  The defendant, in this case, had be-
rise the assignee
to take out an    come surety for the plaintiff and others, on an
order of seizure
and sale.         appeal bond, and being obliged to pay the
   The surety
who pays for the  amount of the judgment, he took a receipt,
principal, is not
entitled to take  with subrogation, from the attorney at law of
out execution in
the name of the   the obligee, and issued execution in his name,
creditor.
                  which was levied on property of the plaintiff.

The court of the first instance enjoined the
defendant from proceeding in this way, and
on hearing the parties, made the injunction
perpetual.  The reason assigned by the judge
for this decision is, that the judicial surety,
who pays either voluntarily or by virtue of an
execution against him, acquires no title to use
the judgment obtained against his principal
so as to sue out execution upon it.

We find it unnecessary to say whether we
accede to this doctrine in the whole extent;

being, at all events, satisfied that in its appli-
cation to the particular instance before us, no
error was committed.

The evidence of the payment is by an act
*sous seing privé*, which did not become authen-
tic by being filed in the record of the case;
such an instrument does not authorise the
surety to use the *via executiva*.    This point was
expressly decided in the case of *Gilly* vs. *Lee*,
*vol.* 1, 237.

Nor did it confer any authority on the
surety to take out execution, in the name of
the person in whose favor the judgment had
been rendered.    There is no such right given
by any positive provision of our law, and the
exercise of it is inconsistent with those prin-
ciples, which define the privileges acquired by
those who pay the debts of others with whom
they are jointly bound.    Again, it would be
permitting that to be done indirectly, which
could not be done directly.

It is therefore ordered, adjudged, and de-
creed that the judgment of the district court
be affirmed with cost.

*Whittelsey* for the plaintiff;  *M'Caleb* for the
defendant.